FILED
U.S. DISTRICT COURT
2005 AUG 26 P 2: 46
DISTRICT OF UTAH
BY: DEPUTY CLERK

Randall B. Bateman (USB6482)
Perry S. Clegg (USB 7831)
**BATEMAN IP LAW GROUP**
8 East Broadway, Suite 550
Salt Lake City, Utah, 84110
Telephone: (801) 533-0320
Facsimile: (801) 533-0323
Email: mail@utah-ip.com

Attorneys for Plaintiff
The Modellers, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE MODELLERS, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DECISION ANALYST, INC., a Texas Corporation<br><br>Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Judge Ted Stewart<br>DECK TYPE: Civil<br>DATE STAMP: 08/26/2005 @ 14:45:55<br>CASE NUMBER: 2:05CV00716 TS |

COMES NOW Plaintiff, The Modellers, LLC, and complains against Decision Analyst, Inc, as follows:

## PARTIES

1. Plaintiff, The Modellers, LLC ("MODELLERS"), is a Utah limited liability company having a principal place of business at 4505 South Wasatch Blvd., Suite 270, Salt Lake City, UT 84124. MODELLERS performs market research and advanced mathematical modeling for the market research industry.

2. On information and belief, Defendant, Decision Analyst, Inc. ("DECISION ANALYST"), is a Texas corporation having business offices at 604 Avenue H East, Arlington, Texas, 76011.

## JURISDICTION & VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 2201 and 2202. Subject matter jurisdiction is based on federal question because the causes of action herein include declaratory relief in connection with allegations made by DECISION ANALYST that MODELLERS has infringed its copyrights. Supplemental jurisdiction is appropriate under 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 because DECISION ANALYST is either found in this District or are otherwise subject to personal jurisdiction in this District and because the facts alleged herein occurred in this district.

## GENERAL ALLEGATIONS

5. MODELLERS is a Utah company which utilizes advanced mathematical algorithms and analysis in order to assist corporations with making decisions regarding company's products and services.

6. MODELLERS is often hired by companies to determine what modifications can be made to their products, sales approaches, and other business methods to increase sales, improve customer loyalty and good will, and otherwise improve their businesses.

7. In conjunction with its services, company employees and/or customers are often given surveys to elicit information. The elicited information is then analyzed to assist the company in decision making.

8. MODELLERS acts as both a direct supplier of the foregoing services and as a subcontractor to other companies providing similar and related services.

9. MODELLERS has subcontracted data collection work to DECISION ANALYST and likewise has served as a subcontractor to DECISION ANALYST with respect to the analysis of various customer surveys and related data.

10. At no time relevant hereto has DECISION ANALYST sought or obtained from MODELLERS a confidentiality agreement which prohibits MODELLERS from using information disclosed to it.

11. At no time did MODELLERS enter into an oral agreement or understanding that would prevent MODELLERS from using the information contained in a study.

12. In early 2004, MODELLERS made a determination that data from a particular study collected by DECISION ANALYST and analyzed by the MODELLERS might be used to derive new models that would be informative to academics and others in the industry on improvements in decision making analysis.

13. As a matter of professional courtesy, MODELLERS contacted DECISION ANALYST and requested their consent to MODELLERS use of the analysis in question for its presentation.

14. DECISION ANALYST indicated that it had no objection to MODELLERS' use of the data, but requested that MODELLERS mask information that might disclose confidential information about the client and its products.

15. Consistent with DECISION ANALYST's request, MODELLERS masked portions of the presentation to ensure that those receiving the presentation would not be able to deduce confidential information about the client or its product.

16. MODELLERS has expended considerable time, effort and resources in preparing its presentation and presenting it to academics and others in the field.

17.     DECISION ANALYST has now objected to MODELLERS use the study data despite its prior consent and has falsely accused MODELLERS of misconduct in communications to academics which work with MODELLERS.

18.     DECISION ANALYST has threatened to sue MODELLERS if MODELLERS makes any further use of the questionnaires, data or reports developed as part of the study, thereby creating a case or controversy.

19.     DECISION ANALYST has further alleged that MODELLERS' actions constitute copyright infringement.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment – Copyright Infringement)

20.     MODELLERS incorporates and realleges the allegations set forth in Paragraphs 1 through 19 as if fully set forth herein.

21.     MODELLERS has not made any unauthorized copies of any questionnaire, data, information, reports or other works of authorship belonging to DECISION ANALYST.

22.     For the foregoing reasons, MODELLERS is entitled to a declaratory judgment that the MODELLERS has not infringed any copyrights of DECISION ANALYST.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment – Right to Use)

23.     MODELLERS incorporates and realleges the allegations set forth in Paragraphs 1 through 22 as if fully set forth herein.

24. MODELLERS is entitled to a declaratory judgment that MODELLERS has the right to use any questionnaire, data, information, reports or other works of authorship which it has used in preparation of its presentation to the Advanced Research Technique Forum in Couer d'Alene, Idaho and in any other manner it sees fit.

**THIRD CAUSE OF ACTION**

(Declaratory Judgment – Estoppel)

25. MODELLERS incorporates and realleges the allegations set forth in Paragraphs 1 through 24 as if fully set forth herein.

26. Prior to preparing its presentation utilizing the materials and data at issue, MODELLERS contacted DECISION ANALYST and received DECISION ANALYST's acknowledgment that it had no objection to MODELLERS' use of the data for academic purposes. The acknowledgment was received from a person having actual or apparent authority to give DECISION ANALYST's consent for MODELLERS to use the materials and data.

27. MODELLERS acted in reliance on DECISION ANALYST's representations as to use of the data and expended considerable time and resources in preparing its presentation.

28. For the foregoing and other reasons, any claim by DECISION ANALYST that MODELLERS cannot use the Data is barred by the doctrine of estoppel.

**FOURTH CAUSE OF ACTION**

**(Tortious Interference with Business Relationships)**

29. MODELLERS incorporates and realleges the allegations set forth in Paragraphs 1 through 28 as if fully set forth herein.

30. MODELLERS gives presentations to academics and occasionally partners with academics to present advances in modeling techniques.

31. MODELLERS relies on these academics for work, both through direct and indirect referrals.

32. DECISION ANALYST has sent letters to academics with which MODELLERS works in which DECISION ANALYST makes false allegations that MODELLERS has infringed its copyrights, that MODELLERS did not obtain permission to use the questionnaires, reports and data at issue, that MODELLERS has misappropriated confidential information, and that MODELLERS has improperly published confidential information in violation of its agreements and "standard industry practice."

33. On information and belief, DECISION ANALYST sent these letters to academics to discourage them from working with MODELLERS and to damage the relationship between MODELLERS and these academics.

34. DECISION ANALYST knew or should have known that such persons or entities are or were business relations of MODELLERS.

35. On information and belief, DECISION ANALYST has wrongfully, intentionally, maliciously, and recklessly interfered with and disregarded MODELLERS' legitimate business relationships and interests.

36. On information and belief, DECISION ANALYST has, and continues to, tortiously interfere with MODELLERS's business relationships.

**PRAYER FOR RELIEF**

WHEREFORE, MODELLERS prays for judgment against Defendant as follows:

A.  For a declaratory judgment that MODELLERS has not infringed any copyrights owned by DECISION ANALYST.

B.  For a declaratory judgment that MODELLERS has the right to use the data, information, reports, questionnaires and other works of authorship contained in or used for its presentation.

C.  For a declaratory judgment that any claims of DECISION ANALYST are barred by the doctrine of estoppel;

D.  For an award of damages in an amount to be determined at trial;

F.  For an order that DECISION ANALYST, their agents, servants, employees, attorneys, directors, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from publishing statements or making allegations which falsely deny the right of MODELLERS to use the information contained in its presentation.

G.  That DECISION ANALYST be ordered to file with this Court and serve on Plaintiffs within thirty (30) days after service on DECISION ANALYST of any injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which DECISION ANALYST has complied with the injunction and order of the Court;

H.  That DECISION ANALYST be required to pay prejudgment and post-judgment interest until such awards are paid;

I.  For MODELLERS' attorney's fees and costs under any other law not previously stated;

J. That MODELLERS have such other and further relief as shall seem just and proper to the Court.

DATED this 26th day of August, 2005.

BATEMAN IP LAW GROUP

Randall B. Bateman
Perry S. Clegg

*Attorneys for Plaintiff*

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED U.S. DISTRICT COURT 2005 AUG 26 P 2:45 DISTRICT OF UTAH BY: DEPUTY CLERK

**I. (a) PLAINTIFFS**
THE MODELLERS, LLC
4505 Wasatch Blvd. Suite 270, Salt Lake City, Utah 84124

**(b)** County of Residence of First Listed Plaintiff: Salt Lake County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Randall B. Bateman, BATEMAN IP LAW GROUP
8 East Broadway, Suite 550, Salt Lake City, UT 84111

**DEFENDANTS**
DECISION ANALYST, INC.
604 Avenue H East, Arlington, Texas 76011

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☒ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:
Declaratory Judgement regarding Copyright Claim

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 08/26/2005 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP

Judge Ted Stewart
DECK TYPE: Civil
DATE STAMP: 08/26/2005 @ 14:45:55
CASE NUMBER: 2:05CV00716 TS